## No. 11,535.

### CHAMBERLAIN *v.* ROBERTS, ET AL.

Decided February 7, 1927.

Action in mandamus.  Demurrer to answer overruled.

### *Reversed.*

1. MUNICIPAL CORPORATIONS—*Building Ordinance—Construction.* In construing an ordinance concerning the location of buildings, the word ''block''—referring to a city block—in the instant case, held to mean both sides of the street measured from one intersecting street to the next.

2.        *Ordinances—Construction.* The scope of an ordinance restricting one's power over his own property ought not to be extended, but rather restricted, by interpretation.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Messrs. VORIES & PENNEY, for plaintiff in error.

Mr. W. O. PETERSON for defendants in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

A DEMURRER to defendants' answer was overruled, and the plaintiff Chamberlain brings error. The action was mandamus to compel the building inspector of Pueblo to permit plaintiff to erect a filling station on certain lots. The buildings on plaintiff's side of the street in the block were all dwellings; there was a store on the opposite side. The answer states these facts and sets up the following ordinance, No. 1137: "* * * On any lot or lots fronting any * * * street * * * in any city block in Pueblo where, * * * there are located * * * on any lot or lots fronting on such * * * street * * * only buildings * * * used exclusively for dwelling purposes * * * it shall be unlawful to erect * * *" a filling station.

The question is whether the store on the side of the street opposite the plaintiff excludes the location from the prohibition of the ordinance.

The word "block" in the ordinance is susceptible of two interpretations. It may mean land surrounded by four streets, or it may mean both sides of the street measured from one intersecting street to the next. Under the first meaning if the store were on the opposite side of the street from the proposed filling station the buildings on the block would still be used exclusively for dwelling purposes and the erection of the station would be forbidden; but if the latter meaning be correct such building would be within the block and the buildings in the block would therefore not be all used exclusively for dwelling purposes. We think the second meaning should be accepted.

The purpose of the ordinance is to keep dwelling areas free from the annoyance of business buildings, but to except sections where business is already introduced because the annoyance is already there. The annoyance of a building opposite would be as great as, and often greater than, one on the same side of the street; there is, therefore, as much reason to except the one as the other; and the first interpretation would prohibit a business

building on one side even though the opposite buildings were all for business, which does not seem reasonable; then, too, we consider the rule that the scope of an ordinance restricting one's powers over his own property ought not to be extended, but rather restricted by interpretation. This conclusion relieves us from consideration of the constitutional questions which are raised by the briefs.

We wish to commend the brevity and clearness of the pleadings.

The judgment is reversed with directions to sustain the demurrer.

MR. JUSTICE SHEAFOR not participating.