## No. 13,866.

COSMOS *v.* CITY AND COUNTY OF DENVER.
(70 P. [2d] 341)

Decided July 6, 1937.

Mr. J. W. KELLEY, for plaintiff in error.

Mr. TELLER AMMONS, Mr. ROBERT J. KIRSCHWING, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error was found guilty of operating a dance hall without a license as required by article II, chapter 3 of the 1927 municipal code of the City and County of Denver. His defense is that he did not need the kind of license the city sought to compel him to take.

The abstract discloses that the day before he was found guilty in the county court, the district court in case number A-11834 denied him a writ of mandamus to compel the issuance of a license in his behalf. Why the matter is not before us on a writ of error in that case does not appear.

Ordinarily, of course, we would insist upon the proper procedure being followed, i. e. a proceeding to review the action of the licensing authority, because the finding of such authority is conclusive upon us, unless it acted without jurisdiction or in abuse of discretion.

However, since counsel for the city makes no point of

this and embraces the argument on the merits, we shall decide the case on that basis as our decision may be important to the city officials.

Plaintiff in error, who will be referred to as defendant, operated a restaurant on East Colfax avenue in the city in which he permitted his customers to dance in the back part of the dining room all in accordance with an amusement license (for dancing), issued to him in March, 1934, under the 13th class of the general ordinance defining and regulating amusements (Page 252, Denver Municipal Code 1927).

When said license expired defendant sought to have it renewed but was advised that he would need a dance hall license as required by sections 25 and 26 of article II, chapter III, pages 262-3, Denver Municipal code, 1927, which reads as follows:

"Section 25. The term 'public dance' or 'public hall' as used in this ordinance, shall be taken to mean any dance or hall to which admission can be had by payment of a fee or by the purchase, possession or presentation of a ticket or token or in which a charge is made for caring for clothing or other property, or any other dance to which the public generally may gain admission with or without the payment of a fee. The term 'public dance hall' as used herein shall be taken to mean any room, place or space in which a public dance or public ball shall be held, or hall or academy in which classes in dancing are held and instruction in dancing is given for hire, but shall not include any place where instruction in art or esthetic dancing is taught and where only a tuition for pupils is charged.

"Section 26. It shall be unlawful on and after January 1st, 1913, to hold any public dance or public ball or to hold classes in dancing or to give instruction in dancing for hire in any hall or academy within the limits of the City and County of Denver, until the dance hall in which the same may be held shall first have been duly licensed for such purpose. The license shall be issued

72

by the manager of safety and excise and the fee therefor shall be the sum of fifty dollars ($50) per annum, payable semi-annually in advance. All fees shall be paid into the general fund of the city. Every public dance hall shall post its license in a conspicuous place within the hall where the dance is held.''

The question we are called upon to decide is whether the restaurant which the defendant was operating in which he permitted dancing incidentally to the serving of meals is a dance hall or public dance within the meaning of the above sections 25 and 26 so as to be subject to the discretionary powers of the zoning board.

Our conclusion is that it must be answered in the negative for the following reasons:

 In the first place ordinances of this character must be strictly construed in favor of the private property owner. As was said in *Chamberlain v. Roberts,* 81 Colo. 23, 253 Pac. 27: ''We consider the rule that the scope of an ordinance restricting one's powers over his own property ought not to be extended, but rather restricted by interpretation.''

 The ordinance under which the ''dancing'' entertainment license was granted to the defendant, was adopted in 1915, while that section of the ''dance hall'' ordinance (§25, art. II, c. III, p. 262, Denver Municipal Code, 1927, which defines ''dance halls''), was not adopted until 1925. By that time the custom of dancing in restaurants had become rather common and we must assume, we take it, that if the city council of Denver had intended to include this particular type of entertainment in their definition they would have done so. Failing in this, we should not, and do not, permit it by a strained construction to be read into the said section.

Finally, it seems to us that this matter resolves itself into one of administrative convenience. The city authorities under article I of said chapter III are not without remedy, because under section 9 on page 253 (1927 Denver municipal Code), the manager of safety for reasons

therein set out may refuse to approve the application for a license.

 It is not contended in this case that the defendant was operating any kind of a disorderly establishment, and in our opinion he was not operating a "public dance" or conducting a "dance hall" within the meaning of the ordinance invoked.

Let the judgment of the county court be reversed and the cause remanded with instructions to dismiss the action.

MR. JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.