State ex rel. Bollenbeck, Respondent, vs. Village of Shorewood Hills and another, Appellants.

*March 12—April 15, 1941.*

502

For the appellants there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *Ralph E. Axley,* all of Madison.

For the respondent there was a brief by *Sanborn, Blake & Aberg, Wm. J. P. Aberg, R. W. Bollenbeck,* and *Edwin Conrad,* all of Madison, and oral argument by *Mr. Aberg* and *Mr. Conrad.*

MARTIN, J.   Defendants contend that the plaintiff's petition does not state a cause of action, and that the court erred in overruling their motion to supersede the writ of *certiorari,* and in entering judgment for the plaintiff upon such petition. The motion to supersede the writ of *certiorari* is in the nature of a demurrer to the petition.

A construction of the zoning ordinance involves the following definitions of the various types of lots as defined in the ordinance:

"Lot: Land occupied or to be occupied by a building and its accessory buildings and including such open spaces as are required under this ordinance and having its principal frontage on a public street or officially approved place and constituting an entire platted lot or more unless held under separate and distinct ownership from adjacent lots and of record at the time of the adoption of the regulations herein contained, or having an average width of at least eighty feet, and an area of at least ninety-six hundred square feet unless held under separate and distinct ownership from adjacent

lots and of record at the time of the adoption of the regulations herein contained.

"Lot, corner: A parcel of land, other than a triangular lot, under common ownership, not more than fifty feet wide at the intersection of two or more streets, intersecting at an angle not exceeding one hundred and thirty-five degrees.

"Lot, interior: A lot other than a corner lot.

"Lot, through: An interior lot having frontage on two streets.

"Lot, triangular: A parcel of land under common ownership fronting on two or more streets intersecting at an angle of less than forty-five degrees. . . ."

General definitions pertaining to building requirements are as follows:

"Setback: The minimum horizontal distance between the front line of the building, including inclosed and uninclosed porches, and the street line.

"Yard, rear: A space, unoccupied by any building, extending for the full width of the lot between the building and the rear lot line.

"Yard, side: An open, unoccupied space on the same lot with a building, between the building and the side lot line, and extending from the street to the rear yard."

Area regulations of the "AA" residence districts are as follows:

"Rear yard. There shall be a rear yard having a minimum depth of twenty-five feet free from accessory buildings.

"Side yard. There shall be a side yard on each side of the building of not less than fifteen feet in width.

"Setback. There shall be a setback line of not less than twenty-five feet, provided that when twenty-five per cent or more of all the frontage on one side of a street between two intersecting streets is built up with buildings having a minimum setback line of more, or of less than twenty-five feet from the street line, no building hereafter erected or altered shall project beyond the minimum setback line so established; provided that this regulation shall not be interpreted so as to reduce the buildable depth of any lot to less than forty

feet or so as to reduce the buildable width of a corner lot facing an intersecting street, held under a separate and distinct ownership from adjacent lots and of record, at the time this ordinance is adopted, to less than twenty-seven feet.

"Area. (a) Buildings on through lots shall have the required setback from both streets in lieu of the required rear yard."

Defendants contend that lot 155 is a through lot as defined in the ordinance, and that the building to be located thereon must have a setback of not less than twenty-five feet from

**Exhibit B**

**Part I.**

**PART OF 2nd ADDITION TO SHOREWOOD HILLS,**

**DANE COUNTY, WISCONSIN.**

Scale

One inch equals 400 feet.

North

Exhibit B.
Part II
Detailed Diagram of Lot 155, 2nd Addition
to Shorewood Hills

WOOD LANE

127.1'

FRONT

Location of
Proposed Building

182.8'

SHADY

LANE

15

25

Red

146.7'

→ North

Red bar line indicates
approximately set-back
line demanded by the
Commissioner of Buildings
and Board of Appeals.

70'

Scale 1" = 20'

both Wood and Shady lanes. Shady lane, as shown in the diagram, Exhibit B, part 1, is a dead-end street extending from the front end of petitioner's lot to the rear line where it ends, abutting property owned by the University of Wisconsin. The university grounds are outside of the corporate limits of the village of Shorewood Hills. Wood lane is a main thoroughfare. Diagram Exhibit B, part 2, shows the length or side of lot 155 runs along Shady lane and its breadth or front runs along Wood lane. The proposed building fronts on Wood lane. Petitioner has provided for a twenty-five foot setback line from Wood lane and for a fifteen-foot side yard on Shady lane. The questions is, Does the village ordinance require a setback of twenty-five feet from both Wood and Shady lanes?

The construction of the ordinance under the facts is a question of law. *State ex rel. Morehouse v. Hunt,* 235 Wis. 358, 291 N. W. 745. In *Mueller v. Schier,* 189 Wis. 70, 82, 205 N. W. 912, the court said:

"Counsel for the appellants cite many cases to the general rule which we recognize, that restrictive covenants are not favored in the law and that doubts as to the construction of restrictive clauses in deeds are to be resolved in favor of natural rights and against the restrictions. But it is well settled that when the intention is plainly shown in the writings to be construed, restrictions of the kind before us will be enforced in equity unless the circumstances are such that the enforcement would be inequitable."

In *Brown v. Levin,* 295 Pa. 530, 534, 145 Atl. 593, the court said:

"Covenants restricting the use of land are construed most strictly against one claiming their benefit and in favor of free and unrestricted use of property; a violation of the covenant occurs only when there is a plain disregard of the limitations imposed by its express words."

This rule has been extended to restrictions in zoning and building ordinances. See *Chamberlain v. Roberts,* 81 Colo. 23, 253 Pac. 27; *Town of Darien v. Webb,* 115 Conn. 581, 162 Atl. 690; and *Landay v. MacWilliams,* 173 Md. 460, 196 Atl. 293. In *State ex rel. Morehouse v. Hunt, supra,* the court at page 370 said:

"Manifestly it is as much the purpose and intent of the zoning ordinance to protect the owner's right to a nonconforming use, as to protect the right of single-family owners to prevent nonconforming uses. This is true notwithstanding that the general purpose of a zoning ordinance is to restrict uses of buildings according to the terms of the ordinance and to require conformance as speedily as it may under all the circumstances reasonably be accomplished."

Upon the foregoing authorities, it must be held that building restrictions, whether contained in deeds or ordinances, must be strictly construed.

The zoning ordinance in question relates to both buildings and lots. It does not deprive the lot owner of the right to choose the direction in which his building shall front. The petitioner in the instant case chose to have her residence face west on Wood lane. Under the general definitions pertaining to building requirements, the word "setback" is defined to mean the minimum horizontal distance between the front line of the building, including inclosed and uninclosed porches and the street line. The setback shall be not less than twenty-five feet, provided that when twenty-five per cent or more of all the frontage on one side of a street between two intersecting streets is built up with buildings having a minimum setback line of more, or of less than twenty-five feet from the street line, no building thereafter erected or altered shall project beyond the minimum setback line so established.

Defendants argue that lot 155 is an interior lot and that it is also a through lot because it has frontage on two streets.

We think the frontage meant in the definition of a through lot is where the lot runs from a street on one end to a street on the opposite end of the lot. Actually and physically it is a corner lot, but due to its width and single ownership, it does not come within the definition of a corner lot under the ordinance. It has a frontage (west) on Wood lane of 127.1 feet; on the south side along Shady lane its length is 182.8 feet. Its length on the north side is 146.7 feet and it has a width at the east end of 70 feet where it adjoins the university property.

In an "AA" residence district the ordinance provides that there shall be a rear yard having a minimum depth of twenty-five feet free from accessory buildings, and that there shall be a side yard on each side of the building of not less than fifteen feet in width. If lot 155 is a through lot because it has frontage on both Wood lane and Shady lane, there must be two setback lines of not less than twenty-five feet from each street, in which case, no rear yard would be required because the ordinance provides that buildings on through lots shall have the required setback from both streets in lieu of the required rear yard.

We think it clear that the ordinance properly construed only requires that the building shall be set back not less than twenty-five feet from the street line on which it fronts and that there shall be a side yard on each side of the building of not less than fifteen feet in width; that the back or rear of the building is the part opposite the front, and that the rear yard, as defined in the ordinance, is the space, unoccupied by any building, extending for the full width of the lot between the building and the rear lot line, except in the case of a through lot, which we hold to be a lot which runs from a street on one end to a street on the opposite end, in which case buildings on such lot shall have the required setback from both streets in lieu of the required rear yard. As we construe this ordinance, the lot in question is not a through

lot for the reasons above stated. It comes within the definition of an interior lot. The petitioner is entitled to a building permit, and the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.