SWAN BOULEVARD DEVELOPMENT CORPORATION, Respondent, v. CYBULSKI and others, Appellants.

*June 5—June 27, 1961.*

[12] See *Korpela v. Redlin* (1958), 3 Wis. (2d) 591, 597, 89 N. W. (2d) 305.

For the appellants there were briefs by *John J. Fleming,* city attorney of Milwaukee, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

For the respondent there was a brief by *Fox, Sheets & Kirst* of Milwaukee, and oral argument by *Clyde E. Sheets*.

DIETERICH, J.  The trial court took judicial notice of all prior proceedings and determinations made by the other circuit judges of the several branches of the circuit court for Milwaukee county relating to the issues to the identical parcel of real estate, the subject of this litigation. This court likewise takes judicial notice thereof in so far as such prior proceedings and determinations are germane to a determination of the issues.

The plaintiff-respondent, Swan Boulevard Development Corporation (hereinafter referred to as "Swan"), was the owner of certain real estate consisting of about 54 acres in the city of Milwaukee, which land was purchased for the total sum of $325,000.  In April, 1957, the common council of the city of Milwaukee, at the request of the school board, instituted proceedings to acquire a parcel of this land pursuant to the provisions of the Kline Law.

The preliminary resolution of necessity, under sec. 3 of the Kline Law, was passed by the common council on April 4, 1956, and the necessity of taking was approved by the common council on June 11, 1957.

On October 25, 1957, a jury trial was held in the circuit court for Milwaukee county, in which a jury verdict of necessity was returned.

The property consisted of approximately 17 acres and is located in the center of the afore-mentioned 54 acres. The matter was then referred by the common council to the board of assessment for determination of damages, pursuant to sec. 9 (1), ch. 275, Laws of 1931 (the Kline Law).

Notices of hearing were given to Swan on December 11, 1957, and on March 27, 1958.  Swan appeared at both hear-

ings represented by counsel, along with Mr. Posner, president of Swan.

An April 29, 1958, the common council confirmed the award of the board of assessment in the amount of $48,000. On or about July 2, 1958, the city deposited the sum of $48,000, the total amount of the award of damages, with the clerk of the circuit court for Milwaukee county.

Swan served a notice of appeal under the Kline Law which was filed on November 14, 1958, with the clerk of the circuit court for Milwaukee county. The appeal was assigned to that branch of the circuit court presided over by the Honorable MICHAEL T. SULLIVAN, circuit judge. The city moved to dismiss on the grounds that the appeal was not timely filed inasmuch as it was filed more than twenty days after the award was confirmed by the common council on April 29, 1958.

On July 1, 1959, an order was entered dismissing the appeal and on December 21, 1959, judgment was entered accordingly.

Sometime prior to the entry of this judgment, the city became aware of the fact that the property had a mortgage on it, and that Swan had defaulted on the terms and conditions of the note and mortgage. An action of foreclosure was started by the mortgagees. Thereafter, by agreement between the mortgagees and mortgagor a stipulation was entered into between the city of Milwaukee, Swan, and the mortgagees for the withdrawal of $38,000 of the $48,000 on deposit with the clerk of the circuit court. On March 2, 1959, such withdrawal was authorized by order of the circuit court, leaving $10,000 on deposit as bond. A partial release was executed by the mortgagees and recorded on March 12, 1959.

On March 15, 1960, Swan made a motion asking the court to direct the clerk of the circuit court to release and

pay Swan the balance of the award of $10,000 held on deposit by the clerk. The motion was dismissed by order of the trial court.

On September 21, 1960, the city by motion requested the court to direct and order Swan to either repay the sums of money previously withdrawn with interest from the date of withdrawal, or in the alternative that the petition for the writ of certiorari be dismissed.

The defendants in support of their motion to quash the writ alleged that the proper party defendant should be the common council of the city of Milwaukee and not the board of assessment.

Therefore, the first issue to be determined is whether the city of Milwaukee is a necessary and proper party defendant under the Kline Law.

The pertinent provisions of ch. 275, Laws of 1931 (Kline Law), are as follows:

"An Act empowering any city to plan and make certain public improvements, to acquire or condemn property for public purposes and improvements, . . .

Sec. 1. "GRANT OF POWER. Any city of the first class in this state may exercise the power of acquiring any property by gift, purchase, or the power of eminent domain for any of the purposes stated in sec. 3a of art. XI of the constitution of this state, and also . . . school sites . . . and any other municipal purposes; . . .

Sec. 7 (2) "COMPLAINT; CONTENTS. It shall be sufficient to state under subsections (2) and (3) of section 263.03 of the statutes that *the city has decided to take the property,* . . . [Italics supplied.]

Sec. 12 (1) "TITLE, WHEN PASSES TO CITY. Whenever the damages awarded to any property, as confirmed by the common council, . . . the city may enter upon and appropriate the property to the use for which the same was condemned and the fee simple title thereto shall pass to said city.

Sec. 12 (4) "FEE SIMPLE TITLE TO CITY. Whenever such city shall acquire any property by gift, purchase, or con-

demnation for any of the purposes specified in this act, the city shall be vested with the fee simple title . . ."

The time for appeal from the award of damages commenced to run as of the date of confirmation by the common council on April 29, 1958, and expired pursuant to sec. 10 (1) of the Kline Law on May 19, 1958. The city of Milwaukee upon depositing the amount of the award of damages with the clerk of the circuit court on July 2, 1958, acquired the property in question and consequently title thereupon vested in the city of Milwaukee by operation of the law as provided by sec. 12 (4) of the Kline Law.

The legislature by the provisions of sec. 1 of ch. 275, known as the Kline Law, conferred upon any city of the first class the right to exercise the sovereign power of eminent domain for certain specified purposes. In addition it conferred the power of determining the damages and the power of making, levying, and collecting special-benefit assessments upon property benefited. The board of assessment merely acts in an advisory capacity to the common council in sending its report with respect to damages to the common council and final action rests entirely within the common council as to damages and as to all other related matters under the Kline Law.[1] The Kline Law requires that the fee-simple title to real estate must vest in the city of Milwaukee. *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 8 N. W. (2d) 372, 8 N. W. (2d) 865.

The motion to quash or supersede is regarded and in effect constitutes a demurrer[2] and, under sec. 263.06 (4), Stats., challenges the petition on the ground that there is a

[1] See sec. 9 (7), Kline Law.
[2] *State ex rel. Bollenbeck v. Shorewood Hills* (1941), 237 Wis. 501, 297 N. W. 568, and *Lakeshore Development Corp. v. Plan Comm.* (1961), 12 Wis. (2d) 560, 107 N. W. (2d) 590.

defect of party defendant in that the board of assessment is named defendant and not the common council of the city of Milwaukee.

We determine that the city of Milwaukee is a necessary and the real party in interest in any action or proceeding which attacks the validity of any provision of the Kline Law.

The second issue is whether the plaintiff-respondent elected an inconsistent remedy by accepting partial payment for the assessed property and thus precluded itself from commencing the present action for certiorari.

It is an evidentiary fact that Swan accepted $38,000 of the total award of $48,000 made by the city of Milwaukee. It is a fundamental rule of law "that an owner of land taken by virtue of eminent-domain proceedings who has accepted and been paid the award of damages cannot afterwards contest the validity of the taking, either directly or collaterally, or seek to recover or retain possession of his land, *no matter how fundamental the defect in the proceedings may be.*" (Emphasis supplied.) 6 Nichols, Eminent Domain (3d ed.), p. 419, sec. 28.321 (2), and *Beer v. Ozaukee County Highway Comm.* (1960), 9 Wis. (2d) 346, 101 N. W. (2d) 89.

The acceptance of the amount of $38,000, whether by stipulation or not, is inconsistent with the application for a writ of certiorari which attacks the validity of the very proceedings which determined the award.

It, therefore, necessarily follows that Swan's acceptance of the amount of $38,000 estopped it from raising any issue as to the validity of the taking or as to the validity of the proceedings determining the award.

Inasmuch as the judgment requires reversal and dismissal of the Swan petition for certiorari it becomes unnecessary for us to determine whether certiorari is the proper remedy or whether the adverse examination of Clair R. Thompson,

executive secretary of the board of assessment, should be allowed.

*By the Court.*—Order reversed, with instructions to quash the writ.