VOYAGER VILLAGE PROPERTY OWNERS ASSOCIATION, a corporation, Respondent,

v.

Andrew JOHNSON, Betty Johnson, Robert Schwinghammer and Theresa A. Schwinghammer, Appellants.

Court of Appeals

*No. 79–1713. Submitted on briefs February 26, 1980.—*
*Decided June 3, 1980.*
(Also reported in 295 N.W.2d 14.)

For the appellants the cause was submitted on the brief of *Gerald N. Gust* and *Cwayna, Novitzke, Byrnes, Gust & Williams* of Amery.

For the respondent the cause was submitted on the brief of *George W. Benson* and *Benson and Taylor* of Siren.

Before Donlin, P.J., Foley, J., and Dean, J.

DEAN, J.   The defendants are owners of lots in the Voyager Village Recreation Area.  They purchased these lots for the purpose of camping on weekends and planned to leave their travel trailers parked on their lots during the week as well as on the weekends.  The Voyager Village Property Owners Association sought to enforce restrictive covenants in the defendants' deeds, which disallowed leaving camping equipment that is not in use on the lots.  The trial court ruled that the covenants applied and enjoined the defendants from parking unoccupied travel trailers on their lots.  We conclude that neither the term "camping equipment" nor the term "in use" is ambiguous and that the covenants do apply here, and we therefore affirm.

This case was submitted on stipulated facts, and the trial court had only to apply the law to these facts.  On appeal, we independently review the law without special deference to the trial court's conclusions.  *First National Leasing Corporation v. City of Madison,* 81 Wis.2d 205, 260 N.W.2d 251 (1977).

The defendants argue that restrictive covenants are not favored in the law and must be strictly construed in favor of the free use of land. While this is true, restrictions will be enforced where the intention of the parties is clearly shown in the covenants. Construction is only necessary when the covenants are ambiguous. *State ex rel. Bollenbeck v. Village of Shorewood Hills*, 237 Wis. 501, 297 N.W. 568 (1941). In this case, there is no ambiguity.

The defendants' first contention is that their travel trailers are not camping equipment. The restrictive covenant in question allowed a lot owner to use the lot for camping for five years before building a permanent residence as long as the owner did not leave the camping equipment on the lot when not in use. Under these terms, living in anything other than a permanent residence would be camping. Any equipment used to live in that manner would then be camping equipment. Camping equipment would, therefore, obviously include travel trailers.

The purpose of the covenant was apparently to require the erection of permanent homes, but to still allow people to purchase lots and use them for camping for a brief period before the erection of a permanent home. The requirement that the equipment be removed when not in use was apparently meant to protect neighboring lot owners from the continuing eyesore of parked, unused camping equipment. The covenant was intended to prevent exactly the type of conduct that the defendants were engaging in.

The defendants also argue that even if their travel trailers are camping equipment, they are in use even though they are only occupied on weekends. They contend that since travel trailers are only meant for weekend or vacation occupancy, they are by definition in use

if occupied for those periods only. We do not agree. Under the terms of the covenants, a travel trailer is only in use when the owners are present. Any other definition of the term in use would effectively defeat the covenants. When the owners leave for five days at a time, the trailers are not in use during those periods. We see no ambiguity.

Finally, the defendants contend that they relied on the representations of the agent who sold them the lots that they could use the lots in the manner in question. They contend that the doctrine of promissory estoppel should therefore be applied here to prevent the Association from enforcing the covenants. Promissory estoppel, however, can only be applied against the party making the representation. *Hoffman v. Red Owl Stores, Inc.*, 26 Wis.2d 683, 133 N.W.2d 267 (1965). The Association never made any representations which would affect its right to enforce the covenant in the deeds. If Voyager Village, Inc., the owner of the development, had sought to enforce the covenants, promissory estoppel might be applied against it. The Association, however, is a totally separate entity and is not bound by promises made by another corporation.

*By the Court.*—Judgment affirmed.