STATE of Wisconsin, Plaintiff-Respondent,

v.

Rodney R. CLARK, Defendant-Appellant.†

Court of Appeals

*No. 00–0932–CR. Submitted on briefs August 21, 2000.—Decided October 3, 2000.*

## 2000 WI App 245

(Also reported in 620 N.W.2d 435.)

†Petition to review denied.

417

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert A. Ferg* of Chippewa Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general, of Madison.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.  CANE, C.J.  Rodney Clark appeals from a judgment convicting him of failing to report to jail, contrary to WIS. STAT. § 946.425(1m)(b).[1] He also appeals from the denial of his postconviction motion. Clark argues that his constitutional protection against

---

[1] All statutory references are to the 1997–98 version unless otherwise indicated.

double jeopardy was violated, thus requiring reversal of his conviction. We reject Clark's arguments and affirm the judgment.

## BACKGROUND

¶ 2.   In May of 1999, Clark was charged with one count of failing to report to jail, contrary to WIS. STAT. § 946.425(1m)(b). On August 3, before the Hon. Donna Muza, Clark waived his right to a preliminary hearing and entered a no contest plea to the charge. The following minimal exchange occurred:

> [DEFENSE COUNSEL]:   Judge, I'd make it part of the record too, Guilty or No Contest Plea and Waiver of Rights form, which I went through with Mr. Clark before court today.
>
> [COURT]:   All right. And with reference to the same, Mr. Heit has indicated, Mr. Clark, that you have gone over this fully with him, and do you fully understand it?
>
> [CLARK]:   Yes, I do.
>
> [COURT]:   All right. All right. On your no contest plea then the court finds you guilty of the offense as charged in the Information. And the waiver of your rights will be received in writing. I am going to order that there be a presentence investigation.

¶ 3.   On October 6, Clark appeared for sentencing before the Hon. Benjamin D. Proctor. There, defense counsel stated: "Your Honor, we have received a copy of the presentence investigation, as well. Before I bring up anything in that, I'm sure the court planned on retaking the plea, okay. In preparation for court today, I did prepare with Mr. Clark a plea question-naire/waiver of rights and appellate rights form." Clark

419

entered a guilty plea. The court subsequently engaged Clark in a lengthy plea colloquy and ultimately determined that he had entered his plea knowingly, intelligently and freely. Clark was found guilty and sentenced to five years in prison. In his postconviction motion, Clark asserted that his constitutional protections against double jeopardy had been violated. His postconviction motion was denied and this appeal followed.

## ANALYSIS

¶ 4.   Whether an individual has been placed in jeopardy twice for the same offense is a question of law that this court reviews de novo. *See State v. Harris*, 161 Wis. 2d 758, 760, 469 N.W.2d 207 (Ct. App. 1991). A criminal defendant is protected against being twice placed in jeopardy for the same offense under both the United States and Wisconsin constitutions.[2] The double jeopardy clause offers protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See State v. Comstock*, 168 Wis. 2d 915, 936–37, 485 N.W.2d 354 (1992).

¶ 5.   "The prohibition against double jeopardy is not triggered until 'jeopardy attaches' in the proceedings." *Id.* at 937. Relevant to this appeal, our supreme court has held that jeopardy attaches when a circuit

---

[2] The Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." Similarly, the Wisconsin Constitution states: "[N]o person for the same offense may be put twice in jeopardy of punishment." WIS. CONST. ART. I, § 8.

420

court accepts an accused's guilty plea. *See id.* at 937–38. In the present case, jeopardy attached on August 3 when Judge Muza accepted Clark's no contest plea. In order for there to be validity to the assertion of double jeopardy, however, "there would have to be a judgment of acquittal or conviction or a dismissal of the charges *and then a second prosecution begun on the basis of the same offense." Salters v. State*, 52 Wis. 2d 708, 715, 191 N.W.2d 19 (1971) (emphasis added).

¶ 6.    Here, Judge Muza accepted Clark's no contest plea and convicted him of the crime charged. On October 6, Judge Proctor, at defense counsel's prompting, retook Clark's plea. At the postconviction motion hearing, the court explained:

> I basically retook the plea making sure that Mr. Clark understood what his rights were regarding his plea. And in my judgment, he did, based upon that hearing and my review of the transcript. In other words, he was not placed in any jeopardy by me reviewing his plea with him. I did no vacation of the plea.

The October 6 proceeding did not constitute a second prosecution begun on the same offense. Rather, Clark's subsequent plea was part of one continuous proceeding. It is undisputed that there was but one criminal complaint, one information and one sentence. Further, and despite the October 3 retaking of Clark's plea, the judgment of conviction connotes August 3 as the date of conviction.[3] Because Judge Proctor merely sought to

---

[3] Both parties address whether Clark, by pleading no contest, waived his right to challenge his conviction on double jeopardy grounds. Although a plea of guilty or no contest generally waives all nonjurisdictional defenses and defenses

confirm the validity of Clark's original plea, we conclude that Clark was not subject to double jeopardy.[4] Accordingly, we affirm the judgment.

*By the Court.*—Judgment and order affirmed.

occurring prior to the plea, including claims of constitutional error, this court has recognized that "double jeopardy is an exception to the guilty-plea-waiver rule." *State v. Hubbard*, 206 Wis. 2d 651, 655, 558 N.W.2d 126 (Ct. App. 1996). Because the State concedes that Clark did not expressly waive his double jeopardy rights, we need not address the matter further.

[4] Clark contends that *Salters v. State*, 52 Wis. 2d 708, 191 N.W.2d 19 (1971), is inapplicable to the present case. He emphasizes the fact that *Salters* addressed in part the voluntariness of the defendant's plea. However, although Clark does not now challenge the validity of his original plea, he may not dispute that the August 3 plea, uncorrected, would have provided him the opportunity to challenge his conviction on the ground that Judge Muza had not engaged him in an adequate plea colloquy. *See State v. Bangert*, 131 Wis. 2d 246, 274–75, 389 N.W.2d 12 (1986). In any event, *Salters*, relevant to this appeal, held that in order for there to be validity to the assertion of double jeopardy, "there would have to be a judgment of acquittal or conviction or a dismissal of the charges *and then a second prosecution begun on the basis of the same offense.*" *See Salters*, 52 Wis. 2d at 715 (emphasis added).