COURT OF APPEALS
DECISION
DATED AND FILED

April 29, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP796-CR**

Cir. Ct. No. 2022CT1127

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

WILLIAM A. ANDERSON,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waukesha County: ROBERT J. WIRTZ, Judge. *Reversed and cause remanded for further proceedings*.

¶1   NEUBAUER, P.J.[1] William A. Anderson appeals a judgment convicting him of operating a motor vehicle while under the influence of an

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

intoxicant (3rd offense). Anderson asks this court to vacate his conviction and reverse the decision of the circuit court denying his motion to suppress because his stop was made without probable cause, and therefore constituted an unreasonable seizure in violation of the federal constitution.[2] The State contends, and the circuit court agreed, that Anderson's stop fell properly within the community caretaker exception to the probable cause requirement. This court does not agree. The judgment of conviction is reversed and the case is remanded for additional proceedings consistent with this opinion.

¶2      The following facts were stipulated to by the parties:

> 1.  On August 30, 2022, Waukesha County Sheriff's Deputy Skaar "was positioned in the center median of STH 16, east of Jungbluth Rd, in the Town of Delafield" and became aware of some approaching motorcycles. Deputy Skaar believed that he "heard at least one of the motorcycles downshift … [and then motorcycle #1] … accelerate heavily, rapidly gaining speed and passing [his] squad" such that he

---

[2] The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

*See* U.S. CONST. amend. IV. Anderson "mentions the analogous provision of the Wisconsin Constitution—WIS. CONST. art. I, § [11]—but does not develop any independent argument under that provision." Thus, this is treated as a federal constitutional claim. *See State v. K.R.C.*, 2026 WI 10, ¶15 n.5, 419 Wis. 2d 587, __ N.W.3d __ (citation omitted).

Though in the circuit court the State argued the stop was supported by reasonable suspicion, on appeal it concedes that the officer's stop was not supported by reasonable suspicion. Therefore, we need not discuss this part of the appellant's argument further. *See State v. Clark*, 2000 WI App 245, ¶6 n.3, 239 Wis. 2d 417, 620 N.W.2d 435 (noting we need not address an appellate issue when the State concedes the argument).

was unable to obtain a reading, but estimating speeds of 130 mph.

2. Upon beginning his pursuit, Deputy Skaar had "pulled into traffic along side motorcycles #2 and #3, both of which had clearly slowed as motorcycle #1 accelerated."

3. Deputy Skaar lost visual with motorcycle #1 when the vehicle traveled below Ryan Rd. At the time of losing visual "motorcycles #2 and #3 were well behind [him], mere 'dots' in the rear-view mirror."

4. While traveling eastbound Deputy Skaar came upon the crash site of motorcycle #1 where STH 16 turns south, just north of Capitol Dr. The crash scene was blocking most of the westbound lanes of STH 16. Deputy Skaar then turned around to respond to the crash.

5. On foot walking the crash scene, Deputy Skaar observed motorcycles #2 and #3 in the east bound lanes and flashed his flashlight at the drivers with the purpose of having them stop "so he may inquire with them if they knew the driver of motorcycle #1 and obtain their observations, as they had witnessed the reckless driving that created the event." The drivers did not stop.

6. Deputy Skaar notified Waukesha County Communication Center (WCC) of the "passing witnesses," and Deputy Dominguez effectuated a stop on the motorcycles on the basis of whether they had been "involved in any way with the suspect motorcycle which crashed."

7. Motorcycles #2 and #3 were driven by [NK] and William Anderson.

8. Following an OWI investigation, Mr. Anderson was arrested for a 3rd offense OWI.

The one additional fact the parties stipulated to was the severity of the motorcyclist's injuries, whose head, having sustained massive damage, made it "immediately obvious to Deputy Skaar" that "the trauma to the victim … [w]as critical and almost certainly lethal."

¶3 Here, there was no testimony taken at the suppression hearing. Because the facts are stipulated to by the parties, so that the remaining issues are questions of law, an appellate court need not give any special deference or special weight to the conclusions of the circuit court. ***Voyager Vill. Prop. Owners Ass'n v. Johnson***, 97 Wis. 2d 747, 748, 295 N.W.2d 14, 15 (Ct. App. 1980) Whether police conduct rises to the level of an unreasonable seizure is a question of constitutional fact that is reviewed independently. ***State v. Kramer***, 2009 WI 14, ¶16, 315 Wis. 2d 414, 759 N.W.2d 598. Whether an officer's community caretaker function satisfies constitutional requirements as an exception to the rule is likewise reviewed independently. ***Id.***

¶4 A seizure conducted without a valid warrant is presumptively unreasonable and prohibited under the Fourth Amendment to the United States Constitution. ***State v. Floyd***, 2017 WI 78, ¶19, 377 Wis. 2d 394, 898 N.W.2d 560. "This prohibition applies to traffic stops, which are considered seizures for constitutional purposes." ***State v. Davis***, 2021 WI App 65, ¶16, 399 Wis. 2d 354, 965 N.W.2d 84. "If the initial traffic stop was unconstitutional, … a defendant may be entitled to suppression of evidence obtained during that stop." ***Id.***

¶5 The warrant requirement, however, is subject to certain exceptions given that "reasonableness" is "the ultimate touchstone of the Fourth Amendment[.]" ***State v. Asboth***, 2017 WI 76, ¶¶12-15, 376 Wis. 2d 644, 898 N.W.2d 541 (citation omitted). One such exception is where a law enforcement officer is "serving as a community caretaker to protect persons and property[.]" ***State v. Pinkard***, 2010 WI 81, ¶14, 327 Wis. 2d 346, 785 N.W.2d 592; ***State v. Brooks***, 2020 WI 60, ¶23, 392 Wis. 2d 402, 944 N.W.2d 832 (citation omitted) ("[t]o justify a seizure pursuant to [the community caretaker] doctrine, the State must demonstrate the circumstances at hand called upon the police to perform one

4

of their non-investigatory functions, such as protecting persons or property"). When the State claims law enforcement's community caretaker role justifies a seizure, as it does here, we evaluate the following three criteria:

> (1) whether a search or seizure within the meaning of the Fourth Amendment has occurred; (2) if so, whether the police were exercising a bona fide community caretaker function; and (3) if so, whether the public interest outweighs the intrusion upon the privacy of the individual such that the community caretaker function was reasonably exercised[.]

*State v. Matalonis*, 2016 WI 7, ¶31, 366 Wis. 2d 443, 875 N.W.2d 567 (quoting *Pinkard*, 327 Wis. 2d 346, ¶29).

¶6    On appeal, the State concedes that a seizure occurred and the seizure was not supported either by probable cause or by reasonable suspicion. Therefore, the focus in this case is on the second step—whether the police were performing a bona fide community caretaker function. Significantly, although a circuit court assessing whether an officer acted for a bona fide community caretaker purpose may consider the officer's subjective law enforcement concerns, the assessment ultimately turns on whether the officer can "articulate[] an objectively reasonable basis" for exercising a community caretaker function. *See Pinkard*, 327 Wis. 2d 346, ¶31 (quoting *Kramer*, 315 Wis. 2d 414, ¶36).

¶7    The State bears the burden of proving that the police conduct fell within the scope of a bona fide community caretaker function. *Kramer*, 315 Wis. 2d 414, ¶17. The State has not met its burden.

¶8    The officers seized Anderson because he was a potential witness to a crime and an accident. The State cites no law to support the notion that a bona fide community caretaker function includes a stop for the purpose of

speaking to a witness to a crime and/or a traffic accident. Neither officer's articulated reason for the stop demonstrates an intention to "protect" Anderson, *see* **Pinkard**, 327 Wis. 2d 346, ¶14, or any other recognized community care taker function. Rather, the articulated reason for the stop was to talk to "passing *witnesses*." (Emphasis added.) According to Officer Skaar, he flashed his flashlight at the drivers with the purpose of having them stop "so he may inquire with them if they knew the driver of motorcycle #1 and obtain their observations, as they had *witnessed* the reckless driving that created the event." (Emphasis added.) In short, the purpose for Anderson's stop was to obtain information from him as to what he *witnessed*. Officer Dominguez then effectuated the stop for the same reason.

¶9      The community caretaker exception allows an officer to stop a person when the officer reasonably believes the person needs the officer's assistance. This court finds no legal support for the stop of a witness who is not in distress or otherwise in need of protection or assistance as a bona fide community caretaking function. Anderson's stop was made in order to obtain information in relation to what he "witnessed" regarding the deceased/would-be defendant.

¶10      Moreover, this is a stop relating to "the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute" by the crash victim, not Anderson. *See* **Kramer**, 315 Wis. 2d 414, ¶¶19, 23 (quoting **Cady v. Dombrowski**, 413 U.S. 433, 441 (1973)), *see also* **Matalonis**, 366 Wis. 2d 443, ¶30. The stop of Anderson required probable cause or reasonable suspicion, neither of which are present here. *See* **Kramer**, 315 Wis. 2d 414, ¶17.

¶11      The State contends the community caretaker exception accounts for the multilayered nature of police work, including here, if the others knew the crash

victim, to find out who he was and where he lived, and to inform them of the severity of the crash. *Id.*, ¶32. "Police officers wear many hats: criminal investigator, first aid provider, social worker, crisis intervener, family counselor, youth mentor and peacemaker, to name a few.... They are society's problem solvers when no other solution is apparent or available." *Matalonis*, 366 Wis. 2d 443, ¶29 (citation omitted). Thus, for example, an officer may seize an abandoned car to protect the car and the community from future damage or injury. *See State v. Asboth*, 376 Wis. 2d 644, ¶¶18-19 (towing the vehicle safeguarded it and the motoring public). But, even if the doctrine could be applied to seize a witness for the purpose of protecting another individual from future injury, there was no testimony that the victim's identity was unavailable or that the other motorcyclists were in a position to provide further information, much less any indication that they were needed to provide medical assistance or to address a medical emergency.

¶12 While this court fully understands that the officers reasonably determined to seek information about the crash victim, the State provides no law to authorize a community caretaker's seizure of a motorist simply because he or she is a witness to another's crime or accident. The State has not provided any factual or legal support for such a seizure, and the authority cited all involves a seizure of the individual for purposes of protection of that individual.

¶13 The State has not met its burden of proving that the officer's conduct fell within the scope of a bona fide community caretaker function. The judgment of conviction is reversed and the case is remanded for additional proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.